## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

KENNETH SWESEY,

     Plaintiff,

-VS-                           CASE NO.:

PORTFOLIO RECOVERY
ASSOCIATES, LLC,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Kenneth Swesey, sues Defendant, Portfolio Recovery Associates, LLC, and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

## INTRODUCTION

1.     The TCPA was enacted to prevent companies like Defendant from invading American citizen's privacy and prevent abusive "robo-calls."

2.     "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

**JURISDICTION AND VENUE**

3.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

4.      Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

5.      The alleged violations described herein occurred in Marion County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

**FACTUAL ALLEGATIONS**

6.      Plaintiff is a natural person and citizen of the State of Florida residing in Marion County, Florida.

7.      Plaintiff is a "consumer" as defined in Florida Statute 559.55(8) and 15 U.S.C. § 1692a(3).

8.      Plaintiff is an "alleged debtor."

9.      Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

10.     Defendant is a corporation with its principal place of business located at 120 Corporate Blvd. Norfolk, Virginia 23502, and which conducts business in the State of Florida

through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11.     Defendant is a "debt collector" as defined by Florida Statute § 559.55(7) and 15 U.S.C. § 1692(a)(6).

12.     The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6) and U.S.C. § 1692(a)(5) as it pertains to a consumer credit card account.

13.     Defendant has called Plaintiff on Plaintiff's cellular telephone hundreds of times over the last year in an attempt to collect a debt.

14.     Defendant attempted to collect an alleged debt from the Plaintiff by this campaign of telephone calls.

15.     Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

16.     Defendant repeatedly called Plaintiff from the same number, 682-316-6957. When that number is called, a recording identifies the number as belonging to "Portfolio Recovery Associates."

17.     Some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls").

18.     Plaintiff will testify that he believed that it was an autodialer that called him because of the vast number of calls he received and because he heard a pause when he answered his phone before a voice came on the line.

19.     A pause before a connection to a live agent is a common indicator of the use of an autodialer, as the autodialer is connecting the call to an available agent after the call is automatically dialed by the autodialer.

20.     Plaintiff believes the calls were made using equipment which has the capacity to store numbers to be called and to dial such numbers automatically based on the indicators listed above.

21.     Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (352) ***-7253 and was the called party and recipient of Defendant's calls.

22.     Defendant placed an exorbitant number of autodialed to Plaintiff's cellular telephone number (352) ***-7253 in an attempt to collect on a credit card loan.

23.     On multiple occasions over the last year Plaintiff has instructed Defendant's agents to "stop calling" his cellular telephone.

24.     For example, soon after the calls began Plaintiff answered a call from Defendant and advised Defendant's agent that he disputed the debt and to "stop calling" him on his cell phone.

25.      Despite Plaintiff's clear requests for the calls to stop, Defendant has continued to call at a rate of multiple calls per day, on back-to-back days, multiple times per week.

26.     None of the telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

27.     Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff, as it knew Plaintiff revoked any prior express consent Defendant may have had to call his cell phone yet continued to autodial him on his cell phone.

28.     From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

29.     Plaintiff is employed in an "on call" capacity. As a result, it is very important for Plaintiff to listen for calls to his cell phone to alert him of employment related alerts.

30.     Plaintiff has suffered from stress, sleeplessness, and anxiety as a result of having to check his phone and/or answer unwanted calls from the Defendant, as the calls could have been employment related.

## COUNT I
### (Violation of the TCPA)

31.     Plaintiff fully incorporates and realleges paragraphs one (1) through thirty (30) as if fully set forth herein.

32.     Defendant willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that he wished for the calls to stop.

33.     Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against  for statutory damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

### COUNT II
**(Violation of the FCCPA)**

34.     Plaintiff fully incorporates and realleges paragraphs one (1) through thirty (30) as if fully set forth herein.

35.     At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

36.     Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, as Defendant repeatedly called Plaintiff back-to-back after Plaintiff clearly requested that the calls stop.

37.     Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against  for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

### COUNT III
**(Violation of the FDCPA)**

38.     Plaintiff fully incorporates and realleges paragraphs one (1) through thirty (30) as if fully set forth herein.

39.     At all times relevant to this action Defendant is subject to and must abide by 15 U.S.C. § 1692 *et seq*.

40.     Defendant has violated 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

41.     Defendant has violated 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against   for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/Frank H. Kerney, III*
Frank H. Kerney, III, Esquire
Florida Bar #: 88672
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile:  (813) 223-5402
fkerney@forthepeople.com
mmartinez@forthepeople.com
snazario@forthepeople.com
*Counsel for Plaintiff*